IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANN GALLOWAY,

        Plaintiff,

v.                                              CIV 14-0022 KG/KBM

MORTGAGE STRATEGIES GROUP, LLC,
FEDERAL NATIONAL MORTGAGE
ASSOCIATION AS TRUSTEE FOR
SECURITIZED TRUST FANNIE MAE
REMIC TRUST 2007-82, FANNIE MAE,
TIMOTHY MAYOPOULOS, JPMORGAN
CHASE BANK, NA, JAMIE DIMON,
BRIAN MCWHORTER, MORTGAGE
ELECTRONIC REGISTRATION SYSTEM
AKA "MERS", BILL BECKMANN, AND
DOES 1 THROUGH 100, INCLUSIVE,

        Defendants.

PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

       This matter is before the Court on Defendants' June 9, 2014 motion to dismiss (Doc. 19) under Fed. R. Civ. P. 12(b)(6). Plaintiff filed a response on July 2, 2014 (Doc. 22)[1], and I permitted supplemental briefs as well. *See* Docs. 53 & 55. Having given due consideration to the submissions, and for the following reasons, the Court will recommend that Defendant's motion be granted because Plaintiff's amended complaint

---

[1] Plaintiff's Response is styled as a motion to strike Defendant's motion to dismiss. But only pleadings are subject to a motion to strike, Fed. R. Civ. P. 12(f), and a motion to dismiss is not a pleading. Fed. R. Civ. P. 7. Therefore, the Court should construe Plaintiff's motion to strike as a response to Defendant's motion to dismiss.

(Doc. 15) does not comply with the Court's earlier order to provide a more definite statement and fails to state a claim upon which relief can be granted.

I.      Procedural background

On January 7, 2014, the pro se Plaintiff filed a Complaint (Doc. 1) against Defendants. Plaintiff's original complaint, excluding attachments, is around 56 pages long. Defendants filed a motion for a more definite statement and to strike (Doc. 11). Presiding Judge Gonzales granted the motion for a more definite statement and denied the motion to strike as moot (Doc. 12). On April 12, 2014, Judge Gonzales ordered Plaintiff to amend her complaint to "cure all of the deficiencies and concerns identified" in Defendants' motion. *Id.* at 2. Plaintiff filed an amended complaint (Doc. 15 and 15-1) on May 22, 2014. Defendants then filed a motion to dismiss plaintiff's amended complaint for failure to comply with the Court's April 12 Order or for failure to state upon which relief may be granted under Fed R. Civ. P. 12(b)(6).

II.     Factual background

The following facts are taken from Plaintiff's Amended Complaint[2] (Doc. 15) and are construed in the light most favorable to plaintiff:

On May 24, 2007, Plaintiff executed a note payable to Defendant Mortgage Strategies Group, LLC ("MSG") which that day obtained a mortgage with a principal

---

[2] Plaintiff has attached to her amended complaint various exhibits, which I will consider in recommending a decision on the present motion for judgment on the pleadings. Ordinarily, consideration of material outside of the pleadings requires the court to convert a motion into one for summary judgment, *see* Fed. R. Civ. P. 12(b), "[e]xhibits attached to a complaint are properly treated as part of the pleadings for purposes of ruling on a motion dismiss." *Tal v. Hogan*, 453 F.3d 1244, 1265 (10th Cir. 2006); *see also Jacobson v. Deseret Book Co.*, 287 F.3d 936, 941-42 (10th Cir. 2002) ("In addition to the complaint, the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claims and the parties do not dispute the documents' authenticity."). I will also take notice of various court filings the authenticity of which is not disputed by the parties.

2

amount of $415,000 on 149 Candelario Street A-C, Santa Fe, NM 87501-1597. Doc. 15-4 at 2, 7. Both the mortgage and the note were recorded on May 30, 2007. *Id.* at 5, 11.

On May 17, 2010, Plaintiff entered into a loan refinance agreement with Defendant Chase Home Finance, LLC. *Id.* at 13–18. The modification agreement increased the note's principal amount and pushed back the date of maturity. *Id.* at 14. On March 5, 2011, Defendant Chase Home Finance, LLC sent Plaintiff an "acceleration warning" notifying her that she had defaulted on monthly payments. Doc. 15-4 at 22.

On August 19, 2011, Plaintiff filed a lawsuit in New Mexico State Court seeking a declaration that Defendant JPMorgan Chase Bank did not own the servicing rights to her mortgage. Complaint at 19. This complaint was styled as a "Civil complaint for Fraud, Misrepresentaiton [sic] and Depleting Credit Rating and Forcing Bankruptcy" and was dismissed without prejudice on Plaintiff's motion on October 15, 2012. *See Galloway v. Chase et al.*, No. D-101-CV-201102600 (NM 1st Dist. Aug. 19, 2011).

On February 27, 2013, Defendant Mortgage Electronic Registration Systems (MERS), acting as nominee for Defendant MSG, assigned the mortgage on Plaintiff's property to Defendant JPMorgan Chase Bank. Doc. 15-4 at 19. The assignment was recorded on March 25, 2013.[3] On March 29, 2013, Plaintiff "tendered payment of $521,000.00 to Brian McWhorter to pay off the alleged investors of the trust as well as the taxes and insurance." Complaint at 9. Plaintiff attached an affidavit of a notary public to her complaint, in which the notary attests that Plaintiff sent Mr. McWhorter a promissory note in that amount. Doc. 15-4 at 1.

---

[3] Plaintiff argues that the assignment was fraudulent because Michael T. Wolf, the MERS representative who signed the mortgage transfer, had previously worked for JPMorgan Chase.

On April 1, 2013, Defendant JPMorgan Chase Bank initiated a foreclosure action against Plaintiff in New Mexico State Court in Santa Fe.  *See JPMorgan Chase Bank, NA v. Galloway*, No. D-101-CV-201300911 (NM 1st Dist. April 1, 2013).  The publicly-available docket record for that case indicates that its ultimate disposition was to be transferred, presumably to this Court on January 10, 2014, the date Plaintiff filed a notice of removal and just three days after the original complaint was filed in this case.  *See* Docs. 1, 11-1.

Plaintiff's originating pleading here seeks declaratory and injunctive relief and compensatory damages under various federal statutes, the New Mexico common law, and the Uniform Commercial Code ("UCC").  *See* Doc. 1 (Complaint).  Plaintiff alleges that she is entitled to relief on the basis that Defendant MSG unlawfully assigned servicing rights to the May 2007 note and mortgage on her property to Defendant JPMorgan Chase Bank.  Complaint at 9.  Plaintiff alleges that Defendants forged documents in order to obtain legal standing to foreclose on the property.  *Id.*

This is not the first time Plaintiff has brought claims about her mortgage to federal court. On June 8, 2012, Plaintiff filed a 250-page putative class action complaint against more or less the same set of Defendants, alleging violations of a kaleidoscope of federal laws and state common law claims for fraud and negligent supervision.  *See* Complaint, Doc. 1, in *Galloway v. JPMorgan Chase & Co. et al.*, No. 12-cv-00625 JB-RHS.  In that action, the parties agreed to dismissal of Plaintiff's claims, but argued over whether the dismissal should be with or without prejudice.  *See* Report and Recommendation by

4

Magistrate Judge Robert Hayes Scott, Doc. 43, No. 12-cv-00625.[4]   Although Judge Scott ultimately recommended dismissal without prejudice, Judge Scott did warn Plaintiff that her mortgage-related claims suffered from flawed legal reasoning and that she should exercise extreme caution before deciding to bring those or other claims again.  *Id.*

   III.   Legal standard

   Defendant has filed a Motion to Dismiss Plaintiff's claims under Fed. R. Civ. P. 12(b)(6).  Doc. 19.  In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must contain enough facts to support a claim for relief that is plausible on its face.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  When a complaint, viewed in the light most favorable to the plaintiff, fails to set forward facts that would allow a plausible conclusion that the plaintiff is entitled to relief, then dismissal is proper.  *Id.*

   When a plaintiff appears pro se, the court reviews the plaintiff's pleadings and other papers liberally, holding them to a less stringent standard than those drafted by attorneys.  *Trackwell v. United States Gov't*, 672 F.3d 1242, 1243 (10th Cir. 2007).  Nevertheless, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Moreover, a Plaintiff's pro se status does not excuse compliance with the Federal Rules of Civil Procedure.  *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).

---

[4] Plaintiff is also pursuing claims against an insurance company and others for injuries she received after being hit by a car in Santa Fe.  See *Galloway v. State Farm Fire & Cas. Co. et al.*, No. 14-cv-00834-MV-GBW.

IV. Discussion

a. Plaintiff's complaint should be dismissed for failure to comply with the Court's April 23, 2014 Order granting Defendants' motion for a more definite statement.

In its April 23, 2014 Order (Doc. 12) granting Defendants' motion for a more definite statement, the Court, without apparent qualification, accepted Defendants' arguments that Plaintiff should be required to: (1) state plainly whether or not Plaintiff's complaint was intended to remove Defendants' foreclosure proceeding or is intended to be a second, separate lawsuit; (2) remove all claims attacking Defendants' legal standing to foreclose because those arguments are affirmative defenses and cannot form the basis for a claim for relief under Fed. R. Civ. P. 8; (3) eliminate large portions of the complaint copied from Internet sources that are not legally or factually relevant to Plaintiff's claim to relief; and (4) to separate her state law claims from her claims arising under federal law.  *See* Motion for a More Definite Statement and to Strike (Doc. 11).

Plaintiff has failed to do any of these things.  Her Amended Complaint (Doc. 15) is not significantly shorter than her original Complaint (188 pages, down from 256 pages).  In the required jurisdictional statement, *see* Fed. R. Civ. P. 8(a)(1), Plaintiff continues to state as grounds for jurisdiction both removal of an action between diverse parties under 28 U.S.C. § 1446 and 28 U.S.C. § 1332, the Declaratory Judgment Act, 28 U.S.C. §§ 2201 & 2202, and 28 U.S.C. § 1331.

Plaintiff continues to attack Defendants' standing to pursue a foreclosure action against her, even though such arguments are clearly affirmative defenses to the foreclosure action itself, and cannot form an independent basis for relief.  Plaintiff has likewise failed to delete extraneous material downloaded from the Internet and

continues to blend her claims under state and federal law so as to make it difficult for anyone to assess exactly what kind of relief Plaintiff seeks.

As a pro se litigant, Plaintiff is entitled to special solicitude in construing her claims for relief. But this obligation does not exempt Plaintiff from reading and following the rules of civil procedure. And there is nothing mystical about the phrase "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Nor is there anything baffling about the requirement (which Plaintiff followed in her first complaint but elected to reject in her Amended Complaint) that paragraphs in a complaint be numbered. Fed. R. Civ. P. 10(b).

The Court was quite clear in its April 23 Order that Plaintiff's complaint would be subject to dismissal if she did not amend her complaint to address Defendants' concerns with the original complaint's length and obscurity. Plaintiff has failed to make a good-faith effort to comply with the Court's Order requiring a more definite statement or the Federal Rules of Civil Procedure. Plaintiff's complaint could be dismissed on this basis alone. However, after reviewing Plaintiff's filings in this and other related cases in federal court, it is unlikely that dismissal will result in Plaintiff filing a more coherent complaint. And absent the imposition of filing restrictions, Plaintiff is unlikely to stop bringing similar claims in the future. For this reason, I recommend that the Court address the merits of Plaintiff's claims in order to bring a measure of finality to this case and ease subsequent review of Plaintiff's inevitable future claims.

b. Plaintiff's complaint should be dismissed for failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6).

Plaintiff's amended complaint (Doc. 15 and 15-1) asserts that Defendants lack standing to pursue a foreclosure action on her property, and asks this Court to declare

as much under 28 U.S.C. §§ 2201–02. Plaintiff also alleges that Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, the Truth in Lending Act, 15 U.S.C. § 1641, 12 C.F.R. § 226, and the Uniform Commercial Code. Plaintiff also asserts a tort claim for intentional infliction of emotional distress.

    1. Plaintiff's standing and UCC claims should be dismissed.

Plaintiff maintains that Defendants "lack standing" to foreclose on her home, and Defendants correctly point out that this is an affirmative defense to a foreclosure action, not an independent claim for relief. Thus, as to Plaintiff's independent claim for "lack of standing," I recommend its dismissal.

To the extent that Plaintiff seeks a declaration that Defendant JPMorgan Chase does not have standing to foreclose on her home, the Court should also dismiss that claim. Plaintiff does not question the authenticity of the mortgage assignment, which was notarized and properly recorded. Instead, Plaintiff relies on a "property securitization analysis report" which states that Michael T. Wolf, the MERS representative who executed the assignment on behalf of MSG, was at the time of the assignment working for JPMorgan Chase, the assignee. *See* Doc. 15-5 at 10. But the securitization analysis's conclusion rests on Mr. Wolf's LinkedIn profile, which states only that he had worked for JPMorgan in the past. *See id.* at 11.

    Even assuming the truth of Plaintiff's allegation that Mr. Wolf was working for JPMorgan Chase at the time of the assignment, Plaintiff has no standing to challenge the validity of the transfer on this basis. New Mexico law permits the transfer of

interests in real estate by agents with a duly executed power of attorney.  *See* N.M. STAT. ANN. §§ 47-1-11; 47-1-7 (West 2013).  Plaintiff has not alleged that Mr. Wolf did not possess a valid power of attorney or was not acting as MSG's agent at the time of the assignment; she has instead stated that a conflict of interest ipso facto voids the mortgage assignment.  But Plaintiff does not fall within the class of individuals entitled to seek judicial review of the authority under Ohio law (where the assignment was executed) or New Mexico law.  *See* OHIO REV. CODE ANN. § 1337.36 (West 2014); N.M. STAT. ANN. § 45-5B-116 (West 2013).[5]  For these reasons, the Court should dismiss Plaintiff's lack of standing claim.

2. Plaintiff's FDCPA claim should not survive.

The Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, was enacted "to eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers."  *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct. 1605, 1608 (2010) (citing 15 U.S.C. § 1692(e)).  The Act regulates "debt collectors," and creates a private cause of action against debt collectors who do not comply with the FDCPA.  15 U.S.C. § 1692k.

In order for a defendant to be subject to the requirements of the FDCPA, it must be established that the defendant qualifies as a "debt collector" under the FDCPA. *Kohout v. Bank of America Home Loans*, No. 10-cv-2811 PAB/CBS, 2001 WL 3798222,

---

[5] The "property securitization analysis report™" Plaintiff purchased argues that the conflict of interest invalidates the assignment, while at the same time disclaiming any pretensions of offering legal advice. Doc. 15-5 at 1.  Similar "auditors" have been subject to criminal and civil enforcement actions for the unauthorized practice of law.  *See*, *e.g.*, Press Release, California Dept. of Justice, Office of the Attorney General, *Brown Files $60 Million Lawsuit Against Fraudulent Forensic Audit Loan Modification Scam* (Oct. 6, 2012), (http://oag.ca.gov/news/press-releases/brown-files-60-million-lawsuit-against-fraudulent-forensic-audit-loan).

at *3 (D. Colo. July 29, 2011). Here, Defendants argue that mortgage servicers are not "debt collectors" under the FDCPA. Plaintiff does not argue that Defendants are debt collectors, but instead argues that Defendants' alleged fraud "vitiates" the mortgage transaction.

The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." § 1692a(6). Significantly, the definitional provision of the FDCPA also contains explicit exclusions to the definition of a "debt collector." See § 1695a(6). For instance, the Act exempts from the term "debt collector" those "person[s] collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained[.]" § 1692a(6)(F)(iii). Thus, the plain language of § 1692a(6) excludes Defendant JPMorgan Chase Bank, a mortgage servicer, from the definition of "debt collector" so long as it obtained Plaintiff's debt before she was in default. The legislative history of § 1692a(6) supports such an application of the definitional exclusion. It provides that "debt collector," as used in the FDCPA was never intended to include "mortgage service companies and others who service outstanding debts for others, so long as the debts were not in default when taken for servicing." S. Rep. No. 95-382, at 3-4 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1698.

The Tenth Circuit Court of Appeals recently held that any debt collector who has acquired a debt prior to its default is not subject to the requirements of the FDCPA.

*Llewellyn v. Allstate Home Loans, Inc.*, 711 F.3d 1173, 1187 (10th Cir. 2013). Plaintiff does not allege that Defendants obtained the right to collect Plaintiff's debts under the 2007 Mortgage after she defaulted on the mortgage. Indeed, the attachments to Plaintiff's complaint appear to show that Defendant JPMorgan Chase was the originator of the replacement mortgage on which it is now seeking to foreclose. *See* Amended Complaint, Doc. 15-4 at 13. Therefore, I recommend that the Court dismiss Plaintiff's claim under the FDCPA for failure to state a claim for relief.

  3. Plaintiff's fraud claim fails.

The elements of a fraud claim are "(1) a misrepresentation of fact, (2) either knowledge of the falsity of the representation or recklessness on the part of the party making the misrepresentation, (3) intent to deceive and to induce reliance on the misrepresentation, and (4) detrimental reliance on the misrepresentation." *Williams v. Stewart*, 2005-NMCA-61, ¶ 34, 112 P.3d 281, 291 (N.M. Ct. App. 2005) (citing UJI 13-1633 NMRA). Defendants argue that Plaintiff's Amended Complaint fails to state a plausible claim for relief because JPMorgan Chase Bank made no misrepresentation because it is entitled to enforce the note, and also because Plaintiff has not alleged detrimental reliance.

  Defendants' first argument should be rejected. Insofar as they did not intend to deceive Plaintiff, Defendants are merely disagreeing with Plaintiff's assertion to the contrary. In sending Plaintiff an acceleration notice, Defendants were representing valid ownership of the note. If they do not, in fact, own the note, then the acceleration notices would be misrepresentations, and intent to deceive could be reasonably inferred from the misrepresentations.

I nevertheless conclude that Plaintiff's fraud claims should be dismissed on the second ground – Plaintiff has made no allegation that she relied on Defendants' representations that they owned the promissory note to her detriment. On page 23 of her Amended Complaint, Plaintiff asserts that she defaulted on her obligations to Chase because she "had no evidence that she was paying the real party of interest and had every reason to believe that she was paying the wrong party[.]" But Plaintiff's obligation to pay Chase did not stem from a mistaken belief that Chase had been assigned the original note; rather, the obligation stemmed from a refinance agreement she signed with Chase. *See* Doc. 15-4 at 13. Whatever the validity of any subsequent transfers of the mortgage, Plaintiff has not alleged that her signature on the refinance agreement was procured fraudulently or that she made payments to Chase in reliance on a fraudulent misrepresentation about Chase's ownership of the note. Indeed, the refinance agreement was predicated on the exact opposite proposition – Chase did not own the note, but that it would satisfy Plaintiff's obligations in exchange for increases to the principal and alteration of the date of maturity of the mortgage.

Because Plaintiff's Amended Complaint fails to make a plausible allegation that she relied to her detriment on Defendants' misrepresentation about the ownership of the promissory note secured by a mortgage to her house, I recommend that the Court dismiss her fraud claim.

4. Plaintiff's wrongful foreclosure claim, like the standing claim, fails.

Plaintiff's claim for "wrongful foreclosure" is simply a recapitulation of her argument that Defendants do not have standing to foreclose on her house. The Court should dismiss this claim for the same reason it dismissed her "lack of standing" claim –

New Mexico courts have not recognized such a claim, and to the extent Plaintiff's complaint seeks a declaration that Defendants lack standing, it does not state a plausible claim for relief on that ground.

     5.  Plaintiff's intentional infliction of emotional distress (IIED) claim

"To recover for the intentional infliction of emotional distress a plaintiff must show that the defendant's conduct was extreme and outrageous, and was done recklessly or with the intent to cause severe emotional distress." *Andrews v. Stallings*, 892 P.2d 611, 624, 119 N.M. 478, 491 (N.M. Ct. App. 1995) (citations omitted).

Plaintiff alleges that Defendants' institution of foreclosure proceedings forms a sufficient predicate of outrageous conduct to justify an award of damages for the resulting "sleepless nights" brought about by Plaintiff's efforts to learn the practice of law in order to protect her "invest [sic] income." Amended Complaint at 15. But Plaintiff has not alleged that Defendants sought to inflict emotional distress by initiating foreclosure proceedings. Even assuming the truth of her conclusory allegations about Defendants' intent, Plaintiff has failed to allege that Defendants' reckless or intentionally fraudulent conduct was motivated by a desire to inflict emotional distress; instead, she alleges that the emotional distress arose as a consequence of Defendants' fraudulent misrepresentations regarding the securitization and ownership of the mortgage and note.

It is helpful to analogize Plaintiff's claim to a claim for malicious abuse of process. Under New Mexico law, malicious abuse of process requires some showing that the defendant initiated proceedings in order to further some illegitimate goal. *See* UJI 13-1636 NMRA. But the New Mexico Supreme Court has narrowly construed the tort

13

because of the obvious threat it poses to the right of access to courts. *DeVaney v. Thriftway Mktg. Corp.*, 953 P.2d 277, 284, 124 N.M. 512, 519 (N.M. 1997). Plaintiff's complaint at best alleges an affirmative defense to a foreclosure proceeding: that JPMorgan Chase was not the holder in due course of the note and the mortgage at the time it sought foreclosure. Yet Plaintiff's IIED claim seeks to elevate a potential flaw in the Defendants' entitlement to foreclosure into outrageous conduct through conclusory assertions of fraud and malice. The Court should reject this argument and dismiss Plaintiff's IIED claim.

      6. Plaintiff's claim for declaratory relief

Plaintiff seeks a declaration that she "is entitled to the exclusive possession of her home." Amended Complaint, Doc. 15-1 at 17. To the extent that Plaintiff's request for declaratory relief seeks to invalidate the purported transfer of a mortgage from MSG to JPMorgan Chase based on a flawed power of attorney, Plaintiff's claim should be dismissed for the same reason her claim for lack of standing should be dismissed. Simply put, Plaintiff does not have an entitlement to challenge the power of attorney under New Mexico or Ohio law.

Insofar as Plaintiff seeks to quiet title to her home, Defendants rightly point out that "a party seeking to quiet title to real estate must recover on the strength of his own title and cannot rely on the weakness of the title claimed by his adversary." *In re Will of Coe*, 826 P.2d 576, 582–83, 113 N.M. 355, 361–62 (N.M. Ct. App. 1992). Plaintiff's complaint contains no allegations that tend to establish that Plaintiff has superior title to that of Defendants. Therefore, the Court should dismiss Plaintiff's claim for declaratory relief.

7.  Plaintiff's TILA claim for rescission

Plaintiff asserts a claim for rescission under the Truth in Lending Act (TILA), 15 U.S.C. §§ 1601 *et seq.* Although § 1641 of Title 15 allows a debtor to rescind a secured transaction against an assignee of the security, § 1635(f) imposes a three-year limitation period on such actions. There is currently a circuit split over whether the period of limitations is tolled by initiating a lawsuit or by sending a notice of rescission required by the statute. *Compare McOmie-Gray v. Bank of America Home Loans*, 667 F.3d 1325, 1326 (9th Cir. 2012), *Rosenfeld v. HSBC Bank, USA*, 681 F.3d 1172, 1182 (10th Cir. 2012), *Keiran v. Home Capital, Inc.*, 720 F.3d 721, 726–28 (8th Cir. 2013), *Lumpkin v. Deutsche Bank National Trust Co.*, No. 12-2317, 2013 WL 4007760 (6th Cir. Aug. 6, 2013) (unpublished) (holding that the right to rescission must be exercised within three years of the loan transaction), *with Williams v. Homesake Mortgage Co.*, 968 F.2d 1137, 1139 (11th Cir. 1992), *Gilbert v. Residential Funding LLC*, 678 F.3d 271, 277 (4th Cir. 2012), *Sherzer v. Homestar Mortgage Services*, 707 F.3d 255, 258 (3d Cir. 2013) (holding that rescission may be exercised by sending notice within three years of transaction, and that filing of a lawsuit was not required).

The United States Supreme Court is currently considering how to resolve this split among the circuits. *See Jesinoski v. Countrywide*, 729 F.3d 1092 (8th Cir. 2013), *cert. granted*, 134 S. Ct. 1935 (2014). Regardless of how the Court rules, however, Plaintiff's claim is time-barred by either rule. Plaintiff has not alleged that she sent any Defendant a notice of rescission. This would certainly call for dismissal of her rescission claim against Defendant MSG, because that loan was made over six years ago. As to the loan modification agreement Plaintiff entered into with Defendant

JPMorgan Chase, that agreement was executed on May 10, 2010. *See* Doc. 15-4 at 18.

Moreover, now-controlling Tenth Circuit requires dismissal of this claim as time-barred regardless of whether Plaintiff submitted a notice of rescission. "[W]e must hold that the mere invocation of the right to rescission via a written letter, without more, is not enough to preserve a court's ability to effectuate (or recognize) a rescission claim after the three-year period has run. . . ." *Rosenfeld*, 681 F.3d at 1182. Thus, "'rescission suits must be brought within three years from the consummation of the loan, regardless whether notice of rescission is delivered within that three-year period.'" *Id.* at 1187 (quoting *McOmie–Gray v. Bank of Am.*, 667 F.3d 1325, 1328 (9th Cir.2012)). But even if the U.S. Supreme Court rejects the position of the Tenth Circuit and holds that written notice of an intent to rescind is sufficient to toll § 1635(f)'s statute of limitations, Plaintiff's failure to allege that she gave such notice means that she cannot recover as a matter of law under the competing rule either. The Court should dismiss Plaintiff's rescission claim.

## CONCLUSION

For the above reasons, Plaintiff has failed to state a viable claim for relief and Defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6) is well-taken and should be granted. I will therefore recommend that the Court dismiss Plaintiff's amended complaint in its entirety with prejudice. Because of the unusual procedural posture of this case, I will also recommend that the clerk of court for the First Judicial District Court in Santa Fe, New Mexico be given notice of the Court's final disposition in order to

dispel lingering confusion over whether Plaintiff had removed the foreclosure action to federal court.

**IT IS HEREBY RECOMMENDED** that Defendant's Motion to Dismiss (Doc. 19) be granted and that the amended complaint be dismissed with prejudice in its entirety.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE